P. T. GLASSMIRE v. J. BYRON JUDKINS, CIRCUIT JUDGE
OF MANISTEE COUNTY.

*Criminal law—Libel and slander—Construction of statutes.*

1. Prior to the passage of Act No. 192, Laws of 1879 (How. Stat. § 9315), the statutes contained no express provision for the punishment of libel and slander, but they were punishable as misdemeanors at the common law, under How. Stat. § 9261.

2. It was the evident intention of the Legislature in enacting Act No. 192, Laws of 1879 (How. Stat. § 9315[1]), to exclude from its operation non-enumerated cases of libel and slander known to the common law, namely, where one is held up to contempt and ridicule, and possibly where one may be charged with having a loathsome disease.

*Mandamus.* Submitted January 20, 1891. Denied February 5, 1891.

[1]Amended by Act No. 210, Laws of 1885 (3 How. Stat. p. 3816), and a new section added.

Relator applied for *mandamus* to compel respondent to vacate an order quashing an information for criminal libel. The facts are stated in the opinion.

*P. T. Glassmire,* relator, in *pro. per.*

*Smurthwaite & Higgins,* for respondent.

GRANT, J. This is an application for the writ of *mandamus* to compel the respondent to vacate an order of the court quashing an information against one John P. O'Malley.

Complaint was made against O'Malley before a justice of the peace charging him with a criminal libel not enumerated in How. Stat. § 9315. O'Malley was bound over to the circuit court by the justice, and the relator filed the information here in question. The respondent moved to quash the information and for his discharge for the reasons—

1. That said court had no jurisdiction to try said offense, as it was, if an offense at all, one triable in justice's court.

2. That no offense known to the laws of this State was charged in said information, as the necessary facts were not alleged to bring the said publication within the provision of the criminal libel statutes of this State.

Libels of the kind here complained of were indictable at the common law. Prior to the act of 1879, hereinafter referred to, the statute contained no express provision for the punishment of libel and slander. They were therefore punishable as misdemeanors at the common law, under How. Stat. § 9261, which reads as follows:

"Every person who shall be convicted of a misdemeanor, the punishment of which is not otherwise prescribed by any statute, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

In 1879 the Legislature passed "An act to provide a punishment for libel and slander." Act No. 192, Laws of 1879. This act provided that—

"Any person who shall falsely and maliciously, by word, writing, sign, or otherwise, accuse or impute to another the commission of any crime, felony, or misdemeanor, or any infamous or degrading act, or impute to any female a want of chastity, shall be deemed guilty of a misdemeanor, and on conviction   *   *   *   shall be punished by a fine not exceeding one hundred dollars, or imprisonment   *   *   *   not exceeding ninety days, or both, *   *   *   in the discretion of the court."

It is insisted by the relator that the criminal matter alleged was not included within the statute, but was a common-law criminal libel, punishable under section 9261, above referred to. We think the ruling of the circuit judge was correct. It was the evident intention of the Legislature in enacting this law to exclude other cases of libel and slander known to the common law, but not enumerated in the statute. The very title of the act shows this to be the intention. The cases not enumerated in the statute are those where one is held up to contempt and ridicule, and possibly where one may be charged with having a loathsome disease. It certainly could not have been the intention of the Legislature to impose a light penalty for the graver offenses, and leave the heavier penalties to stand against the lighter offenses which were known to the common law.

The writ must be denied.

The other Justices concurred.